1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JEFFREY S. RANEN, SB# 224285
2     E-Mail: Jeffrey.Ranen@lewisbrisbois.com
   LEONA LAM REDDY, SB# 301672
3     E-Mail: Leona.LamReddy@lewisbrisbois.com
   633 West 5th Street, Suite 4000
4  Los Angeles, California 90071
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  DEREK S. SACHS, SB# 253990
      E-Mail: Derek.Sachs@lewisbrisbois.com
7  2020 West El Camino Avenue, Suite 700
   Sacramento, California 95833
8  Telephone: 916.564.5400
   Facsimile: 916.564.5444

9
   Attorneys for Aegis Senior Communities LLC
10

11                 UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| JAY CONLIN, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AEGIS SENIOR COMMUNITIES LLC,<br><br>Defendant. | **DEFENDANT AEGIS SENIOR COMMUNITIES LLC'S NOTICE OF REMOVAL OF CLASS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT** |

   **PLEASE TAKE NOTICE** that Defendant Aegis Senior Communities LLC ("Defendant"), by and through its counsel, hereby removes the above-captioned action from the Superior Court of the State of California, for the County of Santa Cruz, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 1332, 1441, 1446, and 1453.  In support of this Notice of Removal, Defendant states:

   1.     On or about August 18, 2017, Plaintiff Jay Conlin ("Plaintiff") commenced this putative class action against Defendant by filing a Class Action Complaint ("Complaint") in the Superior Court of the State of California, for the County of Santa Cruz, bearing the case number

17CV02196 ("State Court Action"). The Complaint asserts five causes of action for: (1) Failure to Pay Minimum Wages (Labor Code §§ 1194, 1194.2, and 1197); (2) Failure to Pay Overtime Wages (Labor Code §§ 510 and 1194); (3) Unfair Competition (Business and Professions Code §§ 17200 and 17203); (4) Failure to Provide Accurate Wage Statements (Labor Code § 226); and (5) Failure to Pay All Wages Owed Upon Termination (Labor Code §§ 201-203). A true and correct copy of all process, pleadings, and orders in the State Court Action known to Defendant is attached hereto as Exhibit "A."

2.  The U.S. Supreme Court affirmed that a defendant needs only to plausibly allege the requirements for federal jurisdiction to remove. That is, a defendant only needs to file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal"; no evidentiary submissions need to be submitted. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553-54 (2014).

3.  As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. section 1441 because Defendant has satisfied the procedural requirements for removal, and because this Court has subject matter jurisdiction over this action under 28 U.S.C. section 1332.

I.   **THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.**

4.  A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other papers from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). Defendant's designated agent for service of process was personally served with Plaintiff's Complaint on August 25, 2017. (Declaration of Elizabeth Chambers (hereinafter, "Chambers Decl."), ¶ 10.) Accordingly, this Notice of Removal is timely filed.

5.  The Superior Court of the State of California, for the County of Santa Cruz, is located in the Northern District of California. Thus, venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a) and 1441(a).

6.  No previous application has been made for the relief requested herein.

///

///

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT.

7. This case is subject to removal under the Class Action Fairness Act of 2005 ("CAFA"). Pub. L. No. 109-2, 119 Stat. 4 (2005).

8. CAFA grants federal district courts jurisdiction over civil class action lawsuits in which any plaintiff is a citizen of a state different from any defendant, and where the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d).

9. Specifically, this Court has jurisdiction over this case under CAFA because it is a civil class action wherein: (1) there are 100 or more members in Plaintiff's proposed class; (2) Defendant is not a state, state official, or other governmental entity; (3) there is minimal diversity between at least one member and one defendant; and (4) the aggregate amount in controversy exceeds $5,000,000.00. Thus, this Court has subject matter jurisdiction under 28 U.S.C. sections 1332(d) and 1453(b).

### A. There Are More than 100 Putative Class Members.

10. As set forth in the Complaint, Plaintiff pursues his alleged claims on behalf of "himself and other similarly situated persons." Plaintiff defines the members of the Class as follows:

> Hourly Employees Class: All persons who, at any time since the date three years before the filing of the complaint, worked as an hourly employee for Defendant in California.
>
> Restitution Class: All persons who, at any time since the date four years before the filing of the complaint, worked as an hourly employee for Defendant in California.
>
> Wage Statement Class: All persons who, at any time since the date one year before the filing of the complaint, worked as an hourly employee for Defendant in California.
>
> Terminated Employees Class: All persons who worked as an hourly employee for Defendant in California whose employment with Defendant ended at any time

1 | since the date three years before the filing of the complaint.
2 (Compl. ¶ 11) (emphases omitted).

3     11.    While Plaintiff does not allege an estimate of the size of the putative class,
4 Defendant's employment records show that there were approximately 3,031 non-exempt
5 employees who were employed by Defendant between August 18, 2013 and the present.
6 (Chambers Decl., ¶ 7.) Accordingly, there are more than 100 members in the putative class.

7     **B.**    **Defendant is Not a Government Entity.**

8     12.    Defendant is not a state, a state official, or any other government entity. (Chambers
9 Decl., ¶ 3.)

10     **C.**    **There is Minimal Diversity of Citizenship Between the Parties.**

11     13.    At least one member of the proposed class is a citizen of a state different from
12 Defendant Aegis Senior Communities LLC. 28 U.S.C. § 1332(d)(2)(A).

13     **1.**    **Plaintiff is a Citizen of California.**

14     14.    For diversity purposes, a natural person is a "citizen" of the state in which he or she
15 is domiciled. *Kantor v. Wellesley Galleries, Ltd.* 704 F.2d 1088, 1090 (9th Cir. 1983). A person's
16 domicile is the place he or she resides with the intention to remain or to which he or she intends to
17 return. *Kanter v. Warner-Lambert Co*. 265 F.3d 853, 857 (9th Cir. 2001).

18     15.    According to the Complaint, at all relevant times, Plaintiff is and was a resident of
19 the State of California. (Compl. ¶ 5.) This allegation establishes that he is a citizen of the State of
20 California. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency can
21 create a rebuttable presumption of domicile supporting diversity of citizenship).

22     16.    Likewise, the members of the proposed class are current and former employees of
23 Defendant within the state of California. (Compl. ¶ 11.) Based on this, and upon information and
24 belief, the majority, if not all, of the proposed class members are domiciled in the State of
25 California. Thus, members of the proposed class are also citizens of California.

26 ///
27 ///
28 ///

4832-6090-8368.2    4    SCSC Case No.: 17CV02196
DEFENDANT AEGIS SENIOR COMMUNITIES LLC'S NOTICE OF REMOVAL OF CLASS ACTION

**2.    Defendant is Not a Citizen of California.**

17.    For purposes of determining subject matter jurisdiction under CAFA, a limited liability company is an "unincorporated association."[1] *Ferrell v. Express Check Advance of South Carolina LLC* 591 F.3d 698, 705 (4th Cir. 2010); *see also, e.g., Marroquin v. Fargo*, Case No. 11cv163-L (BLM), 2011 U.S. Dist. LEXIS 10510, at *4 (S.D. Cal. Feb. 3, 2011) (treating defendant LLC like an unincorporated association for CAFA diversity jurisdiction determination purposes); *Cagle v. C&S Wholesale Grocers, Inc.*, Case No. 2:13-cv-02134-MCE-KJN, 2014 U.S. Dist LEXIS 21571, at *8-9 (E.D. Cal. Feb.18, 2014) (acknowledging the rule that the citizenship of an LLC is determined by the state where the party has its principal place of business and the state under whose law it is organized under CAFA).  An LLC is thus a citizen of the state under whose laws it is organized and where it has its principal place of business.  28 USC § 1332(d)(10).

18.    Defendant is a limited liability company organized under the laws of the State of Washington and has its principal place of business in the State of Washington.  (Chambers Decl., ¶ 2.)

19.    Defendant's principal place of business is in the state of Washington because it is where Defendant's officers "direct, control, and coordinate" activities.  *Hertz Corp v. Friend*, 559 U.S. 77, 92-93 (2010) (concluding that a "principal place of business" is normally the headquarters, provided that the headquarters is the "actual center of direction, control, and coordination.") (Chambers Decl., ¶ 6.)

20.    Specifically:

   a.  Defendant's headquarters and principal executive office is located in the State of Washington; (Chambers Decl., ¶ 2);

   b.  Defendant's chief executive team is based in the state of Washington;  (Chambers Decl., ¶ 4) and, ¶

---

[1] The citizenship of LLCs may be treated differently in other situations, but as the Fourth Circuit explained, for purposes of CAFA, it is treated as an "unincorporated association."

      c.  A substantial majority of Defendant's business decisions, including operational, executive, and administrative policy decisions like human resources and benefits, are made at its Washington headquarters. (Chambers Decl., ¶¶ 5-6.) Thus, Defendant Aegis Communities LLC is a citizen of Washington.

21.    The "minimal diversity" requirements of CAFA require only that the citizenship of any member of a class be diverse from any defendant. Because the named Plaintiff is a California citizen, and because Defendant is a citizen of Washington, the "minimal diversity" requirement under CAFA is met. 28 U.S.C. § 1332(d)(2)(A).

### D. The Amount in Controversy Requirement Is Satisfied.

22.    To remove a case under CAFA, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. In determining the amount in controversy, courts may consider "evidence outside the complaint, including affidavits or declarations, or other summary judgment type evidence relevant to the amount in controversy" at the time of removal. *Ibarra v. Manheim Invs., Inc.,* 775 F. 3d 1193, 1997 (9th Cir. 2015) (internal quotations omitted). The "amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F. 3d 395, 400 (9th Cir. 2010).

23.    Defendant disputes that the proposed class could ever be certified or that Defendant is liable for any of the claims Plaintiff asserts in the Complaint. Nevertheless, Defendant submits that the aggregate amount in controversy, exclusive of interests and costs, exceeds $5,000,000.00. 28 U.S.C. § 1332(d)(6).

24.    Although Plaintiff does not plead a specific amount of damages, Defendant can easily demonstrate that the aggregate amount in controversy exceeds $5,000,000.00. *Ibarra*, 775 F.3d at 1197 (If damages are unstated in a complaint, or, if damages are understated in defendant's view, "[t]he parties may submit evidence outside the complaint, including affidavits or declarations . . . relevant to the amount in controversy at the time of removal.").

25.    Plaintiff alleges that Defendant failed to pay Plaintiff and the members of the putative class minimum wages due for regular hours and wages due for overtime hours worked.

Plaintiff also alleges that Defendant failed to provide accurate wage statements and failed to pay all wages due to terminated employees. (Compl. ¶ 6.)

26. Plaintiff seeks the following relief on behalf of himself and the putative class, in relevant part:

- For compensatory damages (unpaid wages) for all causes of action for which they are available;
- For penalties permitted by *Labor Code* sections 201, 202, 203, 218, 226, 510, 1194, and 1194.2;
- For reasonable attorneys' fees pursuant to *Labor Code* sections 218.5, 226 and 1194, and Code of Civil Procedure section 1021.5.

25. The amount in controversy requirement under CAFA can easily be met by making reasonable assumptions about the putative class and by focusing on only a couple of the above-mentioned penalties that Plaintiff seeks to pursue against Defendant.

### 1. Labor Code Section 203 Penalties.

26. California *Labor Code* section 201(a) provides in pertinent part that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." An employer that willfully violates this provision may be assessed waiting time penalties in accordance with *Labor Code* section 203. If the penalties are assessed, the employer will owe an amount in addition to the unpaid wages equal to the employee's daily wages for each day the wages remain unpaid, capped at thirty days' wages. Cal. Lab. Code § 203. The statute of limitations for waiting time penalties is three years. *See Pineda v. Bank of America, N.A.* 50 Cal. 4th 1389, 1395 (2010).

27. Defendant's preliminary investigation reveals a potential class size of approximately 1,657 former employees who were employed with Defendant between August 18, 2014 and the present. (Chambers Decl., ¶ 8.) The average hourly rate for these former employees is approximately $12.27 per hour. (Chambers Decl., ¶ 8.) Using these figures, the potential waiting time penalties total $4,879,533.60 ($12.27/hour x 8 hours/day x 30 days maximum waiting time penalties = $2,944.80 per putative class member x 1,657 potential class members =

$4,879,533.60).

## 2. Labor Code Section 226 Penalties.

28. *Labor Code* section 226(a) requires that nine categories of information be included on each pay stub, including:(1) gross wages earned; (2) total hours worked by each employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions; (5) net wages earned; (6) the inclusive dates of the period for which the employee is being paid; (7) the employee's name and identification number or the last four digits of the employee's social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. If there is a violation, the damages are governed by *Labor Code* section 226(e), which provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys fees."

29. Defendant currently employs approximately 1,011 non-exempt employees in the State of California. (Chambers Decl., ¶ 9.) Assuming 10 paystub violations per employee, the number of payroll periods currently within that statute of limitations period, would result in penalties of $2,750.00 per employee ($50 for the first violation and $100 x 27 for the remaining violations), and total penalties of $2,780,250.00 ($2,750 per employee x 1,011 employees). This is a conservative figure considering this analysis only takes into account the number of Defendant's current employees and only assumes 10 paystub violations per employee. If the maximum penalties were assessed against Defendant pursuant to *Labor Code* section 226(e), then the total penalties would grow to at $4,044,000.00 ($4,000 maximum penalty x 1,011 current employees), taking into account only current employees.

30. In light of the sample analysis of only two of the penalties Plaintiff seeks to pursue against Defendant, the aggregate amount in controversy is well in excess of $5,000.000.00. This

1 analysis does not even include Plaintiff's other claims for relief such as unpaid wages and attorneys' fees. Although Defendant denies Plaintiff's claims of wrongdoing and denies his requests for relief thereon, based upon the above sample analysis, the total amount of monetary relief sought by Plaintiff's claims greatly exceeds the required jurisdictional minimum.

31. Removal of this matter is therefore appropriate.

### III. SERVICE OF NOTICE ON PLAINTIFF AND STATE COURT.

32. Contemporaneous with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of the removal will be given by the undersigned to Plaintiff's counsel of record, Gregory N. Karasik of Karasik Law Firm and Emil Davtyan of Davtyan Professional Law Corporation, and a copy of this Notice of Removal will be served upon all parties and filed with the Clerk of the Superior Court of the State of California, for the County of Santa Cruz, in accordance with the provisions of 28 U.S.C. § 1446(d).

### IV. NO OTHER DEFENDANTS HAVE JOINED THE ACTION.

33. To Defendant's knowledge, there are no other defendants that have been named or served in this action, thus there are no other defendants to join in this Notice of Removal.

WHEREFORE, Defendant Aegis Senior Communities LLC respectfully removes this action from the Superior Court of the State of California, for the County of Santa Cruz, bearing case number 17CV02196, to this Court pursuant to 28 U.S.C. sections 1332, 1441, 1446, and 1453.

DATED: September 25, 2017        **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:    */s/ Jeffrey S. Ranen*
       Jeffrey S. Ranen
       Derek S. Sachs
       Leona Lam Reddy
       Attorneys for Aegis Senior Communities LLC

# FEDERAL COURT PROOF OF SERVICE

*Conlin v. Aegis Senior* – Case No.

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On September 25, 2017, I served the following document(s): **DEFENDANT AEGIS SENIOR COMMUNITIES LLC'S NOTICE OF REMOVAL OF CLASS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Gregory N. Karasik, Esq.<br>KARASIK LAW FIRM<br>11835 W. Olympic Blvd., Suite 1275<br>Los Angeles, California 90064<br>Tel:  (310) 312-6800<br>Fax: (310) 943-2582 | Attorneys for Plaintiff:<br>JAY CONLIN |
| Emil Davtyan, Esq.<br>DAVTYAN PROFESSIONAL LAW CORPORATION<br>21900 Burbank Blvd., Suite 300<br>Woodland Hills, California 91367<br>Tel:  (818) 992-2935<br>Fax: (818) 975-5525 | Attorneys for Plaintiff:<br>JAY CONLIN |

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on September 25, 2017, at Los Angeles, California.

*/s/ Alexandra Martinez*
Alexandra Martinez