1 | Gregory N. Karasik (SBN 115834)
greg@karasiklawfirm.com
2 | **Karasik Law Firm**
11835 W. Olympic Blvd., Ste. 1275
3 | Los Angeles, California 90064
Tel: (310) 312-6800
4 | Fax: (310) 943-2582

5 | Emil Davtyan (SBN 299363)
support@davtyanlaw.com
6 | **Davtyan PLC**
5959 Topanga Canyon Blvd. Suite 130
7 | Woodland Hills, CA 91367
Tel (818) 875-2008
8 | Fax (818) 722-3974

9 | Attorneys for Plaintiff
JAY CONLIN

10 |

11 | UNITED STATES DISTRICT COURT

12 | NORTHERN DISTRICT OF CALIFORNIA

13 | JAY CONLIN, individually and on behalf of others similarly situated,

14 | Plaintiff,

15 | vs.

16 | AEGIS SENIOR COMMUNITIES, LLC; and DOES 1 through 10.

17 | Defendant.

18 |

Case No. 17-cv-05534-LHK

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Date: November 29, 2018
Time: 1:30 p.m.
Ctrm: 8 – 4th Floor

19 |

20 | Please take notice that, on November 29, 2018, at 1:30 p.m. or as soon thereafter

21 | as counsel may be heard, in Courtroom 8 of the San Jose Courthouse, located at 280

22 | South 1st Street, San Jose, California, plaintiff Jay Conlin ("Plaintiff") will and hereby

23 | does move for an order granting final approval of the class action settlement reached

24 | with defendant Aegis Senior Communities, LLC ("Defendant") that was preliminarily

25 | approved by the Court on July 25, 2018 (the "Settlement"). Specifically, Plaintiff

26 | moves for an order:

27 | 1. Granting final approval of the Settlement, and finding the terms of the

28 | Settlement to be fair, reasonable and adequate under Rule 23(e) of the Federal Rules of

Civil Procedure, including the amount of the settlement fund; the amount of distributions to class members; the procedure for giving notice to class members; the procedure for objecting to or opting out of the Settlement; and the maximum amounts allocated to an incentive payment, costs and attorney's fees.

2.    Certifying for settlement purposes the Settlement Class described in the Settlement, comprised of all persons who worked for Defendant as a non-exempt employee in California at any time between August 18, 2013 and February 25, 2018.

3.    Finding that class members were provided proper and adequate notice of their rights in a manner that satisfies the requirements of due process.

4.    Directing that all class members who did not timely file a request for exclusion from the Settlement are barred from prosecuting against the Released Parties any and all released claims as set forth in the Settlement.

5.    Directing that Defendant make a payment into the settlement fund, in accordance with the procedures set forth in the Settlement, of the amount needed to fund all amounts payable under the Settlement.

6.    Directing payment from the settlement fund of settlement administration fees to Dahl Administration in the amount of $16,968 in accordance with the Settlement.

7.    Awarding Plaintiff the amount of $102,500 for reasonable attorney's fees, to be paid from the settlement fund in accordance with the procedures set forth in the Settlement.

8.    Awarding Plaintiff the amount of $10,000 for reasonable litigation costs, to be paid from the settlement fund in accordance with the procedures set forth in the Settlement.

9.    Awarding Plaintiff the amount of $4,000 as a class representative enhancement payment, to be paid from the settlement fund in accordance with the procedures set forth in the Settlement.

10.    Entering a final judgment dismissing the action with prejudice.

11.    Providing that, notwithstanding entry of final judgment, the Court shall retain jurisdiction in this matter for the purposes of interpreting or enforcing the Settlement or final judgment.

Plaintiff's motion is made under Rule 23 of the Federal Rules of Civil Procedure on the grounds that the Settlement is fair, reasonable and adequate; in accordance with due process, class members were provided notice of their rights under the Settlement in a reasonable manner; and class members were given a reasonable opportunity to exclude themselves from the Settlement.

Plaintiff's motion is based on this Notice and attached Memorandum of Points and Authorities, the Declarations of Gregory N. Karasik, Emil Davtyan and Kelly Kratz submitted herewith; all other pleadings and papers on file in this action; and any oral argument or other matter that may be considered by the Court.

Dated:  October 25, 2018

KARASIK LAW FIRM
DAVTYAN

By    /s/ Gregory N. Karasik
Gregory N. Karasik
Attorneys for Plaintiff

MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1  Gregory N. Karasik (SBN 115834)
   greg@karasiklawfirm.com
2  **Karasik Law Firm**
   11835 W. Olympic Blvd., Ste. 1275
3  Los Angeles, California 90064
   Tel:  (310) 312-6800
4  Fax: (310) 943-2582
   greg@karasiklawfirm.com
5
   Emil Davtyan (SBN 299363)
6  support@davtyanlaw.com
   **Davtyan PLC**
7  5959 Topanga Canyon Blvd. Suite 130
   Woodland Hills, CA 91367
8  Tel (818) 875-2008
   Fax (818) 722-3974
9
   Attorneys for Plaintiff
10 JAY CONLIN

11             UNITED STATES DISTRICT COURT

12    NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

13 JAY CONLIN, individually and on          Case No. 17-cv-05534-LHK
   behalf of other persons similarly
14 situated,
                                            **MEMORANDUM OF POINTS AND**
15               Plaintiffs,                **AUTHORITIES IN SUPPORT OF**
                                            **PLAINTIFF'S MOTION FOR FINAL**
16 AEGIS SENIOR COMMUNITIES,                **APPROVAL OF CLASS ACTION**
   LLC, and DOES 1 through 10,              **SETTLEMENT**
17
               Defendants.                  Date:  November 29, 2018
18                                          Time: 1:30 p.m.
                                            Ctrm: 8
19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────
          MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# **TABLE OF CONTENTS**

INTRODUCTION ......................................................................................................... 1

ARGUMENT .................................................................................................................. 1

I.    THE SETTLEMENT MERITS FINAL APPROVAL........................................... 1

    A.    The Strength Of Plaintiff's Case.................................................................. 2

    B.    The Risk, Expense, Complexity And Likely Duration Of Further
          Litigation........................................................................................................ 2

    C.    The Risk Of Maintaining Class Action Status........................................... 3

    D.    The Amount Offered In Settlement ............................................................ 3

    E.    The Extent Of Discovery Completed And The Stage Of The
          Proceedings .................................................................................................... 4

    F.    The Experience And Views Of Counsel...................................................... 5

    G.    The Reaction Of Class Members To The Settlement .................................. 5

II.   THE AMOUNTS OF ATTORNEY'S FEES, COSTS AND
     SERVICE PAYMENT REQUESTED BY PLAINTIFF ARE
     REASONABLE ...................................................................................................... 5

CONCLUSION ............................................................................................................... 6

# <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>

Class Plaintiffs v. Seattle
    (9th Cir. 1992) 955 F.2d 1268...............................................................................2

Hanlon v. Chrysler Corp.
    (9th Cir. 1998) 150 F.3d 1011.............................................................................2

In re Cedent Corp., Derivative Action Litigation
    (D.N.J. 2002) 232 F.Supp.2d 327.......................................................................4

In re Immune Response Securities Litigation
    (S.D. Cal. 2007) 497 F.Supp.2d 1166................................................................4

In re Lifelock Inc. Marketing and Sales Practices Litigation
    (D. Ari 2010) 2010 WL3715138.........................................................................5

Linney v. Cellular Alaska Partnership
    (N.D. Cal. 1997) 1997 WL 450064......................................................................4

Molski v. Gleich
    (9th Cir. 2003) 318 F.3d 937...........................................................................1,2

Nat'l Rural Telecommons. Coop v. DirectTV, Inc.
    (C.D. Cal. 2004) 221 F.R.D. 523........................................................................3

Reynolds v. National Football League
    (8th Cir. 1978) 584 F.3d 280..............................................................................5

Van Bronkhorst v. Safeco Corp.
    (9th Cir. 1976) 529 F.2d 943............................................................................1,2

Vasquez v. Coast Valley Roofing, Inc.
    (E.D. Cal 2010) 266 F.R.D. 482.......................................................................2,5

West v. Circle K. Stores, Inc.
    (E.D. Cal. 2006) 2006 U.S. Dist. LEXIS 767558.............................................5

MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# FEDERAL RULES OF CIVIL PROCEDURE

Rule 23.................................................................................................3

Rule 23(e) ...........................................................................................1

Rule 23(e)(2) .......................................................................................1

# LABOR CODE

Labor Code 203 .................................................................................4

MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**INTRODUCTION**

On July 25, 2018, this Court granted preliminary approval of the class action settlement (the "Settlement") reached by plaintiff Jay Conlin ("Plaintiff") with defendant Aegis Senior Communities. ("Defendant"). Following preliminary approval, the Court approved Class Notice was mailed to 3,622 class members and Plaintiff filed a motion for an award of attorney's fees, litigation costs, and class representative enhancement. In response, not a single class member has objected to the Settlement or Plaintiff's fee motion and only four class members ultimately requested exclusion from the Settlement. (Karasik Decl. ¶ 10). Plaintiff now moves under Rule 23(e) of the Federal Rules of Civil Procedure for final approval of the Settlement. As set forth below, the Settlement is fair, adequate and reasonable, and the amounts of costs, fees and enhancement payments requested by Plaintiff are reasonable. Plaintiff respectfully request that the Court grant final approval and award Plaintiff the full amount of costs, fees and enhancement payments requested.

**ARGUMENT**

**I.    THE SETTLEMENT MERITS FINAL APPROVAL**

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cots, and rigors of formal litigation. *Van Bronkhorst v. Safeco Corp.* (9th Cir. 1976) 529 F. 2d 943, 950.

Rule 23(e)(2) of the Federal Rules of Civil Procedures provides that a court may approve a settlement of a class action when it finds that the settlement is "fair, reasonable, and adequate." The following factors are relevant to this determination: 1) the strength of the plaintiff's case; 2) the risk, expense, complexity, and likely duration of further litigation; 3) the risk of maintaining class action status throughout the trial; 4) the consideration offered in settlement; 5) the extent of discovery completed, and the stage of the proceedings; 6) the experience and views of counsel; and 7) the reaction of the class to the proposed settlement. *Molski v. Gleich* (9th Cir. 2003) 318 F. 3d 937,

953; *Hanlon v. Chrysler Corp.* (9th Cir. 1998) 150 F.3d 1011, 1026. In this case, each of these factors weighs in favor of granting final approval to the Settlement.

### A.    The Strength Of Plaintiff's Case

Assessing the strength of a plaintiff's case involves weighing the merits against the settlement amount and potential recovery. *Van Bronkhorst,* 529 F.2d at 950. *See also, Vasquez v. Coast Valley Roofing, Inc.* (E.D. Cal. 2010) 266 F.R.D. 482, 488. A district court need not, however, "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in the litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Class Plaintiffs v. Seattle* (9th Cir. 1992) 955 F.2d 1268, 1291.

Here, Plaintiff's principal claim that Defendant engaged in uneven rounding practices is, in the opinion of Plaintiff's counsel, very strong. But, as discussed below, Plaintiff achieved a settlement that provides for recovery of more than 100% of class members' allegedly unpaid wages. Comparing the settlement amount with potential recovery of damages weighs strongly in favor of granting final approval to the Settlement. The Settlement not only provides for recovery of all claimed wages, but in addition provides for recovery of a significant amount (nearly $300,000) for civil penalties, which are typically difficult to recovery. In this case, for example, Defendant had a "good faith" defense to Plaintiff's claims for penalties. The significant risk that Plaintiff would not have recovered any civil penalties after a trial supports final approval of the Settlement.

### B.    The Risk, Expense, Complexity And Likely Duration Of Further Litigation

Continued litigation of this case would have exposed Plaintiff to substantial expense and risk. In the absence of settlement, Plaintiff ran the risk of losing a contested motion for class certification or on the merits at trial. Indeed, Defendant filed a motion for summary judgment on the grounds that Plaintiff lacked standing. If Defendant had prevailed on that motion, defeated a contested motion for class

MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

certification, or prevailed on the merits at trial, Plaintiff would not have achieved anything for class members. Plaintiff also faced the prospect of lengthy and expensive discovery with respect to the merits of his claims. Among other issues, continued litigation would have involved expensive and lengthy disputes regarding Plaintiff's discovery of class member contact information, personnel records, and/or other employment records. The prospect of "lengthy and expensive litigation with uncertain results" supports settlement. *See, Nat'l Rural Telecommons. Coop v. DirectTV, Inc.* (C.D. Cal. 2004) 221 F.R.D. 523, 526.

### C.    The Risk Of Maintaining Class Action Status

While Defendant has not objected to class certification for the purposes of settlement, district courts have wide discretion when it comes to determining the propriety of a class action and it remained to be seen how the Court would have ruled on a contested motion for class certification in the absence of a settlement. Moreover, even if Plaintiff prevailed on an initial motion for class certification as he expected, Plaintiff faced the risk of a motion by Defendant for decertification based on changed circumstances or legal developments. The uncertainty regarding how the class certification issue would have been decided if litigated supports final approval of the Settlement.

### D.    The Amount Offered In Settlement

In the opinion of Plaintiff's counsel, the Settlement reflects an excellent result. Based on the information provided by Defendant prior to and during mediation, Plaintiff calculated that Defendant faced liability of approximately $100,000 for unpaid wages. Pursuant to the Settlement, Defendant will pay a Gross Settlement Amount that provides for recovery of more than 100% of these alleged damages. The gross amount allocated to members of the Wages Class under the settlement is $116,850 (28.5% of the Gross Settlement Amount). In addition, the Settlement provides for the gross recovery of nearly $300,000 for civil penalties on behalf of the Penalties Class (who are allocated the gross amount of 71.5% of the Gross Settlement Amount). Plaintiff's counsel

1    reasonably concluded that a settlement agreement providing for recovery of 100% of

2    alleged damages plus a significant amount for civil penalties -- which can be difficult to

3    recover and are often given little or no settlement value -- would best promote the

4    interests of the class members in this case. (Karasik Decl. ¶ 11).[1]

5        In light of the risks and uncertainty of continued litigation, the result obtained by

6    Plaintiff – more than 100% of their maximum recovery of damages – clearly reflects a

7    fair settlement well within the range of reasonable outcomes that merits approval. *See,*

8    *In re Cedant Corp., Derivative Action Litigation* (D. N.J. 2002) 232 F. Supp.2d 327

9    (approving settlement which provided 2% value compared to maximum possible

10   recovery).

11       **E.      The Extent Of Discovery Completed And The Stage Of The**

12               **Proceedings**

13       The parties reached a Settlement in good faith after engaging in sufficient

14   informal discovery and then negotiating at arms-length during a mediation conducted by

15   an extremely experienced and well-respected mediator. Although the parties agreed to

16   mediate before completing all possible formal discovery, approval of a class action

17   settlement does not require that discovery be exhaustive. *See, e.g., In re Immune*

18   *Response Securities Litigation* (S.D. Cal. 2007) 497 F.Supp.2d 1166, 1174 (settlement

19   approved where informal discovery gave the parties a clear view of the strength and

20   weaknesses of their cases). The fact that settlement results from arms-length

21   negotiations following "relevant discovery" creates "a presumption that the agreement

22   is fair." *Linney v. Cellular Alaska Partnership* (N.D. Cal 1997) 1997 WL 450064, at *5.

23   Here, there is no dispute that the parties' settlement negotiations were conducted at

24

25

26       [1] Although Plaintiff also sought statutory penalties under Labor Code Section 203,
    Plaintiff's claims for these penalties did not have significant settlement value. Plaintiff
27   would have to show a "willful" failure to pay wages to recover penalties under Labor
    Code Section 203. Because rounding practices are not inherently unlawful, Defendant
28   arguably had a strong good faith defense to Plaintiff's claims for penalties under Section
    203. (Karasik Decl. ¶ 12).

arms-length in good faith after sufficient informal discovery enabled the parties to intelligently assess the strengths or weaknesses of their case.

### F.    The Experience And Views Of Counsel

The opinions of experienced class counsel are entitled to "considerable weight." *West v. Circle K. Stores, Inc.* (E.D. Cal. 2006) 2006 U.S. Dist. LEXIS 767558, *17-18. *See also, Vasquez,* 266 F.R.D. at 489 (courts should give great weight to counsel's recommendations).  Plaintiff's lawyers have substantial experience litigating class actions in general and wage and hour class actions in particular.  Their opinion that the Settlement is fair and reasonable, and that final approval of the Settlement would best serve the interests of class members weighs strongly in favor of final approval.

### G.    The Reaction Of Class Members To The Settlement

Not a single class member objected to the Settlement and only four class members opted out of the Settlement. (Karasik Decl. ¶ 10).   The overwhelmingly positive reaction from the class supports final approval.  *See, e.g., Reynolds v. National Football League* (8th Cir. 1978) 584 F.3d 280 (16 objectors out of 5,400 class members provided strong evidence of no significant dissatisfaction with settlement); *In re Lifelock, Inc. Marketing and Sales Practices Litigation* (D. Ari. 2010) 2010 WL 3715138, *6 (relatively few objections and requests for exclusion support approval).

## II.    THE AMOUNTS OF ATTORNEY'S FEES, COSTS AND SERVICE PAYMENT REQUESTED BY PLAINTIFF ARE REASONABLE

For the reasons set forth in the fee motion filed by Plaintiff on August 24, 2018, the amounts of attorney's fees, costs and service payment requested by Plaintiff are reasonable, and as previously indicated not a single class member has objected to or opposed any part of Plaintiff's fee motion.

As further set forth in the declaration of Gregory N. Karasik submitted herewith, Plaintiff's litigation costs exceed the requested amount of $10,000 and the lodestar value of the attorney time devoted by Plaintiff's counsel to this case is now $108,421.50 which results in a "negative" multiplier of 0.95.  (Karasik Decl. ¶15, ¶18).

## **CONCLUSION**

Plaintiff obtained a Settlement that provides more than 3,600 class members exceptionally good value – more than 100% of the maximum amount of their allegedly unpaid wages plus a significant amount for penalties that are difficult to recover and often add no or little value to a settlement.  Since the Settlement is fair, reasonable and adequate in all respects, the Court should grant Plaintiff's motion for final approval of the Settlement, award Plaintiff all the costs, fees and enhancement payment requested, and adopt the proposed order submitted herewith.


Dated: October 25, 2018                      KARASIK LAW FIRM
                                             DAVTYAN PLC


                                  By     /s/ Gregory N. Karasik
                                         Gregory N. Karasik
                                         Attorneys for Plaintiff